[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2006
THOMAS K. KAHN
CLERK

No. 06-12570
Non-Argument Calendar

D. C. Docket No. 04-01913-CV-RWS-1

MARTHA L. HEAD,

Plaintiff-Appellant,

versus

HOME DEPOT, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

**(October 18, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Martha A. Head, a former employee of Home Depot, Inc., brought this

action against Home Depot under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Head claimed that Home Depot

unlawfully terminated her employment, as manager of Special Services

Department of Home Depot's McDonough, Georgia store,[1] on account of her race,

African-American, and in retaliation for opposing allegedly unlawful conduct

engaged in by Home Depot. She also claimed that, during her employment, she

was subjected to a racially hostile work environment.[2] Home Depot denied

liability, and following considerable discovery, moved the district court for

summary judgment. The court, adopting as its opinion the Report and

Recommendation ("R & R") of the magistrate judge, Record, Vol. 2 at Tab 83,

granted its motion.[3] Id. at Tab 85. Head now appeals.

In considering Head's discriminatory discharge claim, the district court,

using the McDonnell Douglas framework, assumed that Head had established a

prima facie case, concluded that Home Depot had come forward with a legitimate

---

[1] Head was also the Special Services "District Peer" for all of the Home Depot stores in the District. In this role, she trained employees at those stores and with the District Loss Prevention Manager audited those stores to ensure that their employees complied with the Special Service policies and procedures.

[2] Head's complaint also asserted state law claims for defamation and intentional infliction of emotional distress. The district court granted Home Depot summary judgment on these claims (in the same order in which it granted Home Depot summary judgment on Head's Title VII and § 1981 claims), and Head does not challenge that disposition in this appeal.

[3] The court adopted the magistrate judge's R & R after considering and rejecting as meritless Head's objections to the R & R.

non-discriminatory reason for firing her, and, then, turned to the question of whether she had adduced evidence that would permit a trier of fact to find that such reason was a pretext for discrimination. Head contended that the record contained evidence of pretext in Home Depot's failure to discipline similarly situated white persons, i.e., "comparators," in the same way it disciplined her. The court found that the persons Head pointed to were not comparators, and after analyzing and rejecting as meritless Head's other claims of pretext, concluded that she had failed to create a case for the jury on the pretext issue. Id., at Tab 83, 44-57. We agree, and therefore affirm the court's summary disposition of Head's discriminatory discharge claim.

The court denied Head's retaliation claim on the grounds that she failed to establish a prima facie case of retaliation and, alternatively, that by failing "to show any weakness, implausibilities, inconsistencies, incoherencies, or contradictions in [Home Depot's] stated reasons for her termination, she . . . failed to establish pretext." Id. at Tab 85, 64. We find no error in the court's analysis of Head's retaliation claim and therefore affirm the court's denial thereof.

In rejecting Head's hostile work environment claim, the court carefully considered each event Head cited in support of her claim. In the end, it found "that the conduct at issue f[ell] far below the level of severe and pervasive conduct

3

required for a viable hostile work environment claim." We agree, and therefore affirm the court's denial of this claim.

AFFIRMED.